# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF ARKANSAS
# NORTHERN DIVISION

DANIEL LEE CINCOSKI                                                                           PLAINTIFF

V.                                          1:15CV00100 BRW/JTR

SHAWN RICHARD,
Psychiatrist, Grimes Unit, ADC, et al.                                                   DEFENDANTS

## RECOMMENDED DISPOSITION

The following Recommended Disposition ("Recommendation") has been sent to United States District Judge Bill Wilson. Any party may file written objections to this Recommendation. Objections must be specific and include the factual or legal basis for disagreeing with the Recommendation. An objection to a factual finding must specifically identify the finding of fact believed to be wrong and describe the evidence that supports that belief.

An original and one copy of the objections must be received in the office of the United States District Clerk within fourteen (14) days of this Recommendation. If no objections are filed, Judge Wilson can adopt this Recommendation without independently reviewing all of the evidence in the record. By not objecting, you may also waive any right to appeal questions of fact.

## I. Introduction

Plaintiff, Daniel Lee Cincoski, is currently a patient in the Arkansas State Hospital. He has filed this *pro se* action alleging that Defendants violated his constitutional rights while he was a prisoner in the Arkansas Department of Correction ("ADC"). Pursuant to the screening function mandated by 28 U.S.C. § 1915A, the Court recommends that the case be dismissed, with prejudice.[1]

## II. Discussion

Plaintiff alleges that, in 2009 and 2010, Defendants Sergeant Larry Collins, Psychologist June Daniels, and Psychiatrist Shawn Richard subjected him to cruel and unusual punishment by forcing him to endure constant loud noises, monitoring his thoughts, and "remotely" applying electric currents to his head and penis. *Doc. 15.*

The applicable statute of limitations for § 1983 actions filed in Arkansas is three years. *Miller v. Norris,* 247 F.3d 736, 739 (8th Cir. 2001) (citing Ark. Code Ann. § 16-56-105); *Ketchum v. City of West Memphis*, 974 F.2d 81, 82 (8th Cir. 1992)

---

[1] The Prison Litigation Reform Act requires federal courts to screen prisoner complaints seeking relief against a governmental entity, officer, or employee. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or a portion thereof if the prisoner has raised claims that: (a) are legally frivolous or malicious; (b) fail to state a claim upon which relief may be granted; or (c) seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b). When making this determination, a court must accept the truth of the factual allegations contained in the complaint, and it may consider the documents attached to the complaint. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Reynolds v. Dormire,* 636 F.3d 976, 979 (8th Cir. 2011).

(same). This means that Plaintiff was required to file this lawsuit sometime before 2013. Because he waited until September of 2015 to initiate this action, Plaintiff is now time barred from pursuing the § 1983 claims he is alleging in his Complaint.

Plaintiff also makes the conclusory and far-fetched allegation that Defendants Richard and Daniels (who work at the Grimes Unit of the ADC) are *currently conspiring,* with unnamed individuals at the Arkansas State Hospital, to "torture" him with electric currents applied to his genitals, brain, limbs, stomach, and bowels. Plaintiff has not pled *any facts* suggesting a "mutual understanding" or "meeting of the minds" among Defendants Richard and Daniels and their unnamed co-conspirators at the Arkansas State Hospital. Under well established Eighth Circuit case law, this utterly conclusory and far-fetched conspiracy claim should be dismissed. *See Cooper v. Delo*, 997 F.2d 376, 377 (8th Cir. 1993) (dismissing a prisoner's conclusory conspiracy claim because he failed to plead specific facts suggesting a mutual understanding or meeting of the minds). Further, Plaintiff's implausible allegations should be dismissed as frivolous. *See Horsey v. Asher,* 741 F.2d 209, 213 (8th Cir. 1984) (holding that fanciful complaints should be swiftly dismissed).

### III. Conclusion

IT IS THEREFORE RECOMMENDED THAT:

1. This case be DISMISSED, WITH PREJUDICE, as being time barred

and frivolous.

    2.       The dismissal be counted as a "STRIKE," under 28 U.S.C. § 1915(g).

    3.       The Court CERTIFY, pursuant to 28 U.S.C. § 1915(a)(3), that an *in forma pauperis* appeal from any Order adopting this Recommendation would not be taken in good faith.

Dated this 22nd day of December, 2015.

*[signature: J. Thomas Ray]*

UNITED STATES MAGISTRATE JUDGE